*Fairleigh*, for appellant.

*Kinchloe, Lewis*, for appellee.

---

BERRY'S STATION & RAVEN CREEK TPK. CO. *v.* L. REDMON, ETC.

**Trial—Direction of Verdict.**

A peremptory instruction to find for defendants in an action on subscriptions to a turnpike road, was held erroneous, where there was evidence to show that the road was not put under contract before a certain amount of the stock was subscribed for, and that the road was properly located.

APPEAL FROM HARRISON CIRCUIT COURT.

January 17, 1873.

OPINION BY JUDGE LINDSAY:

Appellees rely upon these grounds of defense:

First. That the road was not located on the nearest and most practicable route from Berry's Bridge to the Lexington and Covington Turnpike road.

Second. That the road was put under contract before one hundred shares of stock had been subscribed for.

Third. That the company was not expending and had not expended all its means on the end of the road beginning at Berry's Bridge. Upon the testimony of the appellant the court peremptorily instructed the jury to find for appellees.

This action of the court can only be sustained upon the idea that appellant wholly failed to make out its alleged cause of action.

So far as the location of the road is concerned, it is proved by the witness, McNees, that the location selected by way of Colemansville "was the nearest, best, cheapest, and most practicable route." It is further shown that after the road was located appellees were present at a meeting of the stockholders and voted in the election for directors, and that one of them, Lair, superintended the construction of one mile of the road on the route now complained of.

As to the second ground, it is shown that a portion of the money of the company was expended in constructing the road from Stringtown towards Berry's Bridge at the suggestion and request of these appellees.

The third ground is clearly shown to be untenable, even if the contract or subscription paper is susceptible of the construction appellees put upon it. Including the subscriptions conditional upon the road being located by way of Colemansville and Moore's farm, which became absolute by the compliance of the company with such

condition, more than one hundred shares of stock (exclusive of the county subscription) was taken before the work was commenced.

In this appears not only that there is evidence conducing to show that the road has been properly located, but that appellees have ratified and approved the action of the company and that they were actively instrumental in bringing about the action upon which they now base their second ground of defense, and further that their third ground is wholly untenable; under such a state of case it was manifestly improper for the court to take the case from the jury.

Instructions as in case of a nonsuit can only be given when there is no evidence to support some material fact. 3 Monroe 366. To authorize such an instruction it must appear, admitting the testimony to be true, and every inference which is fairly inferable from it that the plaintiff has still failed to support his claim. 6 J. J. Marshall 22; 7 J. J. Marshall 411; 2 B. Monroe 129.

Wherefore the judgment is reversed and the cause remanded for a new trial.

*Cleary & West*, for appellants.

*J. Q. Ward*, for appellees.